LANGHORST, APPELLEE, *v.* RIETHMILLER ET AL., APPELLANTS.

(No. C-76270—Decided May 18, 1977.)

*Mr. Eric A. Holzapfel,* for appellee.
*Mr. Ernest Caroselli,* for appellants.

*Per Curiam.* This cause came on to be heard upon the appeal; the transcript of the docket, journal entries and original papers from the Court of Common Pleas of Hamilton County; the transcript of the proceedings; the assignments of error; and the briefs and the arguments of counsel.

Plaintiff, the appellee herein, is the owner of property known as 8250 Graves Road, Cincinnati, Ohio, and the owner of a perpetual easement for all "highway purposes" over an adjoining twenty-five foot wide strip of land along the eastern boundary of this property. In 1972, appellee conveyed

real estate east of the easement to defendants, the appellants, by a general warranty deed which expressly made the property subject to a fifteen foot easement for ingress, egress and utilities along the westerly line of the property conveyed. This fifteen foot easement parallels and is adjacent to the twenty-five foot easement owned by the appellee. The appellee uses a gravel driveway located on the twenty-five foot easement, but has not used the fifteen foot easement which she reserved when she conveyed the property to appellants. The entire fifteen foot easement area is a hill which is approximately eight feet higher than the twenty-five foot easement.

In February of 1973, appellants dug post holes and erected approximately 128 feet of fence down the middle of appellee's fifteen foot easement and approximately 176 feet of fence on the boundary line between appellee's and appellants' properties. In February of 1974, Mrs. Riethmiller drove onto appellee's property and removed a number of bushes appellee had planted. In March 1974, when appellee was planting bushes on her property along the easement, Mrs. Riethmiller demanded to know why and threw dirt in her face.

In June 1974, appellee filed a complaint to enjoin the appellants from erecting and maintaining a fence on the easement. In August 1974, appellee hired a surveyor whose plat accurately reflected the location of the property lines and easement line of the adjoining properties and the fence as of that time. However, in November 1974, the appellants, without the benefit of a survey or appellee's consent, and contrary to the visible markers placed by appellee's surveyor in the ground, dug more holes and began to erect a fence along their westerly property line and in certain places on appellee's property.

On November 26, 1974, appellee obtained a temporary restraining order restraining the appellants from making any alterations or excavations to the property lying within the fifteen foot easement area. On April 8, 1975, appellee was granted leave to file an amended complaint. After trial, a judgment was entered for appellee permanently enjoin-

ing appellants from placing a fence or any other obstruction or excavation on any portion of appellee's property or easement. Appellee was awarded compensatory damages of $608, punitive damages of $1,500, attorney's fees of $500, and her court costs.

On appeal, appellants assert five assignments of error, the first being that:

"The trial court erred in ruling that the erection of a fence with gates is an interference with an easement for ingress and egress when said easement area is not being used for ingress and egress."

Appellants' basic contention is that since appellee was not using the fifteen foot easement, they had a right to fence in their property, since the erection of a fence and gates does not interfere with a non-user.

The general rule, simply stated, is that the servient tenant may "use his land for any purpose that does not interfere with the easement." *Gibbons* v. *Ebding* (1904), 70 Ohio St. 298. Appellant has cited many cases for the proposition that a fence and gate *per se* do not interfere with an easement for ingress and egress. In none of these cases, however, does the fence run parallel with and adjacent to one entire boundary line of the dominant estate along the entire length of the easement. The more appropriate law in this case, where the easement was created by express grant, is that the owner of the servient estate has no right to erect a fence across an easement or along the middle line thereof so as to obstruct the same, unless the grant also expressly provides that the owner of the servient estate may erect and maintain fences. *Young* v. *Spangler* (1887), 2 C. C. 549, 1 C. D. 636. There was no provision in the easement reserved by appellee by which appellants were allowed to erect and maintain a fence. The easement was expressly for the purpose of ingress and egress. It is difficult to perceive of anything that would more clearly obstruct an easement for ingress and egress than the placement of a fence down the middle of the easement or on the easement property line completely excluding appellee from access to the easement.

The fact that appellee was not using the easement area for ingress and egress is not controlling since the easement was expressly reserved by a written instrument. The express reservation of an easement in a deed has been defined as a "right without a profit * * * which the owner of one estate may exercise in or over the estate of another for the benefit of the former." *Yeager* v. *Tuning* (1908), 79 Ohio St. 121, 124. It is appellee's *right* to use the easement for ingress and egress which she *may* exercise that appellant has interfered with in erecting the fence. Thus, regardless of whether the erection of a fence interferes with appellee's use of the property which was the subject of her easement, it does interfere with her right to use the property reserved by the easement. *Realty Title & Investment Co.* v. *Railroad Co.* (1919), 12 Ohio App. 73, 78. Accordingly, appellants' first assignment of error is overruled.

Appellants' second assignment of error is that the trial court erred to the prejudice of the appellant in holding that appellee did in fact have an easement for ingress and egress over the lands of the appellant. Appellants' basis for this assignment of error is that the easement extinguished itself when its purpose no longer existed.

The purpose of the fifteen foot easement, as stated in the conveyance, was for ingress, egress and utilities. The easement ran adjacent to and parallel with appellee's driveway located on appellee's perpetual twenty-five foot easement. In reserving the additional fifteen foot easement in the conveyance of the property to appellants, appellee was complying with a village zoning ordinance which required an unobstructed easement of access to her property at least forty feet wide. The width of appellee's combined easements for access, pursuant to the conveyance, was sufficient to comply with the ordinance. Since the ordinance is still in effect, clearly the purpose of the fifteen foot easement still exists. It does not matter that appellee was not actually using the fifteen foot easement for ingress and egress, nor that it was not capable of being used for such purpose at the time appellants erected their fence.

As a general rule, non-use alone for less than the period

required to establish adverse possession will not terminate an easement. *Tudor Boiler Mfg. Co. v. I. & E. Greenwald Co.* (1904), 5 C. C. (N. S.) 37 Thus, at least where the easement is created by grant, no duty is imposed upon the owner of the dominant estate to make use thereof as a condition of his right to retain his title thereto. As appellee did expressly reserve the fifteen foot easement in the conveyance of land to appellants, and as there is no evidence that appellee lost the easement by abandonment or by adverse possession, we overrule appellants' second assignment of error as being without merit.

In their third assignment of error, appellants object to the trial court's granting of an injunction to appellee. The law is well settled, however, that injunctive relief is available to the owner of an easement against an unwarranted interference with an obstruction of the easement by the owner of the fee. *Gibbons* v. *Ebding, supra.* Moreover, injunctive relief is especially appropriate in this case, as the presence of the fence constitutes a continuing trespass both on appellee's easement and in places on appellee's property. Because appellee would be unable to enjoy her easement unless injunctive relief were granted, we find that the trial court correctly enjoined appellants from obstructing appellee's easement in any way. Appellants' third assignment of error is overruled.

Appellants' fourth assignment of error goes to the award of damages to appellee by the trial court. Appellants argue that the measure of damages for an interference with an easement should be the diminution in value of the dominant estate due to such interference; that the award exceeded the amount prayed for; and that awarding punitive damages and attorney's fees was error.

In addition to requesting an injunction against appellants' continuing trespass, appellee requested damages of $500 for injury to her property, $5000 for mental anguish and suffering and $10,000 in punitive damages and attorney's fees. We find that the record supports the award to plaintiff for damages other than damage by reason of a diminution in value of the dominant estate due to an ob-

struction of appellee's easement. Moreover, the trial court's award of $608 in compensatory damages does not exceed the amount of $5,500 requested in damages, both to property and in the form of mental anguish and suffering. Likewise, we find that the evidence amply supports an award of punitive damages in a case such as this one. Finally, attorney's fees are recoverable as compensatory damages by a plaintiff in an action in which an award of punitive damages is proper. *United Power Co.* v. *Matheny* (1909), 81 Ohio St. 204, 211. *Finney* v. *Smith* (1877), 31 Ohio St. 529; *Roberts* v. *Mason* (1859), 10 Ohio St. 277.

Appellants' fifth and final assignment of error is that the trial court erred in granting appellee's motion for leave to amend her complaint. Civ. R. 15(A) provides for an amendment of pleadings by the trial court "when justice so requires." In this case, the acts done by appellants after the filing of the complaint, which caused further damage to appellee and to her property, necessitated the amendment of the complaint to reflect the additional damages. We find this amendment to have been allowed in the interest of justice. The appellants' fifth assignment of error is overruled.

*Judgment affirmed.*

PALMER, P. J., and CASTLE, J., concur.
BLACK, J., not participating.