GOLDBERGER ET AL., APPELLEES, *v.* BEXLEY PROPERTIES, APPELLANT.

[Cite as Goldberger *v.* Bexley Properties (1983), 5 Ohio St. 3d 82.]

(No. 82-594—Decided May 25, 1983.)

*Messrs. Folkerth, Webster, Maurer & O'Brien* and *Mr. Glenn B. Redick,* for appellees.

*Schottenstein, Zox & Dunn Co., L.P.A.,* and *Mr. Gary D. Greenwald,* for appellant.

*Per Curiam.* The defendant-appellant, Bexley Properties, advances several arguments as to why the injunction imposed should be removed.

First, appellant states that since the Goldbergers' injury is nominal, questionable and doubtful, an injunction would work a substantial and disproportionate impact upon the public interest. In this regard, appellant submits that this court should adopt a "comparative injury or balance of convenience rule," *White* v. *Long* (1967), 12 Ohio App. 2d 136 [41 O.O.2d 200], whereby the relative convenience and inconvenience, along with the comparative injuries to the parties are weighed against the public interest, in determining

whether an injunction should be issued. Furthermore, appellant argues that this rule should be extended to all cases involving private property rights affecting a public interest.

Without addressing the relative merit and validity of such a rule, we believe that the application of this rule in the case *sub judice* would be tenuous, as well as inappropriate. In addition, even assuming *arguendo* that this rule should be adopted, a sweeping extension of the rule to include all cases concerning private property rights affecting a public interest would be wholly unwarranted, and would compel us to rewrite centuries of basic property law concepts which we are not prepared to do.

Along the same line of reasoning as proposed in its first argument, appellant contends that in cases involving private property rights affecting the public interest, a plaintiff's remedy should be at law and not equity.

We find this argument to be unmeritorious. This court has consistently held that when a right of way, arising out of an agreement between adjacent landowners is interfered with, injunctive relief is the proper mode of enforcing the agreement. *Shields v. Titus* (1889), 46 Ohio St. 528.

In its next argument, appellant submits that the court of appeals erred in not rendering judgment in its favor, because the Goldbergers had not proven that the parking within the subject easement had over the years, been permissive. Appellant relies on *Pavey v. Vance* (1897), 56 Ohio St. 162, to support the proposition that the party against whom the adverse possession or use is asserted must bear the burden of proving that the use was permissive.

With respect to this contention, appellant's reliance on *Pavey* is misplaced. The burden of which appellant speaks is initially upon itself, to prove that it acquired a prescriptive right over a portion of the easement. This burden must first be satisfied before the Goldbergers would be required to prove that the parking of cars within the easement was permissive. Since both lower courts have held that the use of part of the easement was not legally adverse to the interests of the Goldbergers, the burden of proving permissive use never materialized. Appellant did not gain a prescriptive right over any portion of the subject easement, because it did not meet all the prerequisites of acquiring a prescriptive right by way of adverse use on the easement. *Pennsylvania Rd. Co. v. Donovan* (1924), 111 Ohio St. 341. By virtue of the fact that appellant and its predecessors in interest did not use any part of the easement in a legally adverse manner, the only logical conclusion that can be made is that the parking which took place within the easement over the years was permissive, since neither party attempted to exclude the other from parking there.

Finally, appellant asserts that since the Goldbergers have come into equity with "unclean hands," they should be effectively barred from obtaining injunctive relief. Case law concerning this argument is well-settled, as was enunciated by this court in *Kinner v. Lake Shore & Michigan Southern Ry. Co.* (1904), 69 Ohio St. 339. We find the first paragraph of the syllabus in *Kinner* to be representative and dispositive of this issue where it was stated:

"The maxim, 'He who comes into equity must come with clean hands,' requires only that the plaintiff must not be guilty of reprehensible conduct with respect to the subject-matter of his suit."

Upon a careful review of the record, we do not find any hint of reprehensible conduct undertaken by the Goldbergers which suggests that they might have entered equity with "unclean hands."

As the appellees correctly submit, in reviewing the appropriateness of the granting of an injunction relating to an invasion of a property right by an adjoining landowner, a court must first scrutinize the language of the instrument creating that right. The instrument creating the easement for ingress and egress in the instant case states that it "* * * shall * * * remain open and unobstructed forever * * *." Using this "Agreement" as a guide, the court of appeals stated that "* * * injunctive relief is proper when there is an unwarranted and continuing trespass on an easement. *Langhorst* v. *Riethmiller* (1977), 52 Ohio App. 2d 137 [6 O.O.3d 101] and *Gibbons* v. *Ebding* (1904), 70 Ohio St. 298."

We agree with the court of appeals that the placement of curbing, wheel blocks and parking spaces within the subject easement constitutes a violation of the terms of the "Agreement," and that this invasion by the appellant amounts to a continuing trespass upon the Goldbergers' property rights. Therefore, we hold that the equitable remedy issued below should be upheld, and the judgment of the court of appeals is therefore affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., KEEFE, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

KEEFE, J., of the First Appellate District, sitting for W. Brown, J.