OPINION
This timely appeal arises from a Columbiana County Court of Common Pleas judgment denying Appellant's action to quiet title and request for injunctive relief and finding that Appellees established a claim of adverse possession. Appellant argues that the trial court's ruling is not supported by the evidence presented. For all of the following reasons, this Court affirms the judgment of the trial court.
For reasons which shall become readily apparent, the relevant facts set forth herein are gleaned entirely from the trial court's Judgment Entry of July 30, 1998, which contains extensive Findings of Fact and Conclusions of Law. This case arises from a dispute between Wayne R. Dawson ("Appellant") and Carol Sensenbaugher and her sister, Judith Robb ("Appellees") regarding possession and ownership of a contested strip of land located north of the survey line dividing their respective properties. Appellant is the undisputed owner of land to the north of the survey line exclusive of the disputed property while Appellees are the undisputed owners of land to the south of the survey line. Appellees acquired title to their land by quitclaim deed from their mother and predecessor in title, Mrs. Goodhart, who had been in continuous possession of the property beginning as early as 1941. Appellant has resided on his property since 1989.
Appellant had his land surveyed in May or June of 1993, and discovered that Appellees' mobile home was located entirely upon Appellant's property. On January 16, 1996, Appellant filed suit to quiet title, seeking a declaratory judgment regarding the location of the mobile home and complaining of trespass along the driveway by which Appellees accessed their property. Appellees answered and counterclaimed alleging ownership of the disputed tract of land based upon the doctrine of adverse possession of the property.
Prior to trial, the parties stipulated to certain facts and submitted briefs in lieu of hearing. Each party submitted stipulations to which the other party telephonically agreed, but neither party viewed the other's stipulations prior to submission. The trial court found in favor of Appellant. Immediately upon receipt of the trial court's judgment entry, however, Appellees noticed discrepancies in the stipulations. Appellees immediately requested relief from judgment citing the discrepancies in the stipulations and alleging that the trial court inadvertently failed to consider relevant evidence before the court. The trial court denied Appellees' request for relief from judgment and Appellees appealed. This court reversed the trial court decision and remanded the matter in Dawson v.Sensenbaugher (Dec. 30, 1997), Columbiana App. No. 96 CO 84, unreported.
On remand, a hearing was held where the parties presented evidence to the trial court. The trial court found that Appellees and their predecessors in title had continually maintained the property, believing it to be rightfully theirs. In addition, the trial court found that Appellees and their predecessors had utilized the driveway along the east side of the disputed property on a continuous basis.
The trial court denied Appellant's claim and ruled that Appellees had established title to the disputed property under the theory of adverse possession by clear and convincing evidence. In addition, the court also ruled that Appellees had established a prescriptive easement in the driveway.
It is this judgment which forms the basis for the present appeal. In his first assignment of error, Appellant argues that:
 "THE TRIAL COURT ERRED IN FINDING THAT APPELLEE MET HER BURDEN OF PROOF AND ESTABLISHED, BY CLEAR AND CONVINCING EVIDENCE, HER ADVERSE POSSESSORY CLAIM TO LAND OWNED BY APPELLANT, INCLUDING THE PROPERTY UPON WHICH THE MOBILE HOME IS LOCATED, THE GROUND IMMEDIATELY BEHIND THE MOBILE HOME AND SOUTH OF THE REMNANTS OF THE OLD FENCE LINE AND THE PARKING AREA CLAIMED BY THE APPELLEE."
The gravamen of Appellant's argument is that Appellees failed to demonstrate, by clear and convincing evidence, the elements necessary to prevail on an adverse possession claim. Thus, Appellant's assignment of error is an allegation that the trial court's judgment is against the manifest weight of the evidence.
In Ohio it is well settled that, "[j]udgments supported by some competent, credible evidence going to all the essential elements of the case will not be reversed by a reviewing court as being against the manifest weight of the evidence." Seasons Coal Co.,Inc. v. City of Cleveland (1984), 10 Ohio St.3d 77, 81. When reviewing the evidence before the trial court, we are, "guided by the presumption that the findings of the trier-of-fact were indeed correct." Id.
In the case at bar, this presumption is strengthened as a result of Appellant's failure to provide this Court with a transcript of the lower court proceedings as required by App.R. 9(B). The duty to provide a transcript on appellate review is upon the Appellant as he bears the burden of demonstrating error by reference to matters in the record. Knapp v. Edwards Laboratories
(1980), 61 Ohio St.2d 197, 199. The Knapp Court explained the consequences of failing to provide a complete record for review by holding:
 "When portions of the transcript necessary for resolution of assigned errors are omitted from the record, the reviewing court has nothing to pass upon and thus, as to those assigned errors, the court has no choice but to presume the validity of the lower court's proceedings, and affirm.".
Id.
In order for Appellees to have prevailed on their claim of adverse possession, it was necessary for them to demonstrate, by clear and convincing evidence, that they had exclusive, open, notorious, continuous and adverse possession of the disputed property for at least twenty-one years. Grace v. Koch (1998),81 Ohio St.3d 577, 599. It is not necessary, however, that the possession of the disputed property be continuous in one person, as the doctrine of tacking the possession of successive owners has been adopted in Ohio. McNeely v. Langan (1871), 22 Ohio St. 32.
On May 20, 1998, a trial to the court was held where both parties presented evidence in support of their respective claims. By way of a Judgment Entry dated July 30, 1998, the trial court concluded that:
 "The [Appellee] and their predecessors in title have maintained open, notorious, exclusive, actual, hostile and continuous possession of the strip of land in controversy for a period of time greater than the statutory requirement of twenty-one (21) years."
 "Clearly, based upon the facts as set forth at trial, the acts of the [Appellee] and predecessors in title constitute a claim of right or title to the acquisition of the disputed tract of land by adverse possession."
In the present case, a review of the transcript is necessary to determine the existence of the competent and credible evidence going to all of the elements articulated in Grace, supra, and cited to by the trial court. In the absence of that transcript, this Court must presume the validity of the trial court's judgment. Accordingly, Appellant's first assignment of error is hereby overruled.
In his second assignment of error, Appellant asserts that:
 "THE TRIAL COURT ERRED IN GRANTING APPELLEE A PRESCRIPTIVE EASEMENT OVER APPELLANT'S DRIVEWAY BASED UPON THE EVIDENCE PRESENTED."
This court has previously stated that, "in order to establish an easement by prescription, a claimant must show, by clear and convincing evidence, a use of the disputed property that is open, notorious, adverse, and continuous for twenty-one years." Colemanv. Penndel Co. (1997), 123 Ohio App.3d 125, 130.
In the July 30, 1998, Judgment Entry, the trial court ruled that:
 "The evidence adduced at trial shows the [Appellee] and their predecessors in title to have continuously used the driveway located along the east side of the property as an ingress and egress to and from their residence for a period of time greater than twenty-one (21) years and therefore, a prescriptive easement is established in the property."
As Appellant charges that the finding of a prescriptive easement in his case is not supported by the evidence, this court will affirm if there is some competent and credible evidence supporting all essential elements of the claim. Seasons Coal Co.,Inc., supra, at 80-81. However, as in Appellant's first assignment of error, the lack of a transcript of the proceedings to determine the existence of evidence to support a prescriptive easement is fatal to Appellant's argument. Therefore, pursuant toKnapp, supra, this court must presume that the trial court found competent and credible evidence supporting all of the elements of a prescriptive easement. Appellant's second assignment of error is overruled.
Finding no merit in either of Appellant's assignments of error, the decision of the Columbiana County Court of Common Pleas is hereby affirmed.
VUKOVICH, J., DONOFRIO, J., concurs.
 ____________________________ CHERYL L. WAITE, JUDGE