{¶ 17} I must respectfully dissent from the opinion of the majority.
 {¶ 18} The Supreme Court of Ohio has held the following in regard to a motion to dismiss:
 {¶ 19} "Dismissal of a complaint for failure to state a claim upon which relief can be granted is appropriate if, after all factual allegations of the complaint are presumed true and all reasonable inferences are made in relator's favor, it appears beyond doubt that relator can prove no set of facts warranting relief."[1]
 {¶ 20} The complaint alleged that appellant owned an easement over some lands owned by appellees. The complaint further alleged that the easement grants appellant the exclusive right to use the land contained in the easement for parking purposes. In addition, the complaint asserts that appellees have no right to use the area for parking purposes and that appellees have no right to interfere with the appellant's use of the easement for parking purposes. Finally, the complaint alleges that "a dispute has arisen" between the parties concerning the use of the easement.
 {¶ 21} Taking all the allegations in appellant's complaint as true, and presuming all reasonable inferences in appellant's favor, it appears that appellant may be able to prove a set of facts warranting relief. If appellant does own an easement that grants her exclusive right to use it for parking purposes and appellees do not have any right to interfere with that use, then an injunction would be an appropriate remedy to prevent appellees from interfering with appellant's use of the easement.
 {¶ 22} An injunction is an appropriate remedy for enforcing rights pursuant to an easement.[2] "[I]n reviewing the appropriateness of the granting of an injunction relating to an invasion of a property right by an adjoining land owner, a court must first scrutinize the language of the instrument creating that right."[3] The complaint alleged that the easement conveyed to appellant an exclusive right to use the property for parking purposes and that appellant had no adequate remedy at law to enforce this right. These are sufficient allegations to survive a motion to dismiss for failure to state a claim upon which relief can be granted.
 {¶ 23} In their brief, appellees argue that appellant has not alleged any specific wrongful acts. An injunction restrains or forbids the performance of a specified act.[4] The complaint alleged that appellees have no right to interfere with appellant's use of the easement. Since the injunction sought to forbid the performance of a specific act; i.e., interfering with appellant's use of the easement, it was not necessary for appellant to specifically point to any past instances of wrongful acts. Appellant may seek an injunction to forbid future acts of interfering with her easement rights.
 {¶ 24} Moreover, reasonable inferences can be drawn from the complaint to infer what is occurring. The complaint alleges that appellees have no right to use the easement for parking purposes and that appellees do not have a right to interfere with appellant's use of the easement for parking purposes. A reasonable inference can be made that appellees are parking vehicles on the easement, preventing appellant from using the easement for parking purposes. This inference is even more apparent when combined with the phrase "a dispute has arisen" between the parties concerning the use of the easement.
 {¶ 25} "`"The spirit of the Civil Rules is the resolution of cases upon their merits, not upon pleading deficiencies."' *** Decisions on the merits should not be avoided on the basis of mere technicalities; pleading is not `"`a game of skill in which one misstep by counsel may be decisive of the outcome(;) *** (rather,) the purpose of the pleading is to facilitate a proper decision of the merits.' *** " *** .'"[5]
 {¶ 26} The trial court erred in determining that appellant could prove no set of facts entitling her to relief based upon the allegations in the complaint. Therefore, I would reverse the judgments of the trial court and remand the matter for further proceedings.
[1] Clark v. Connor (1998), 82 Ohio St.3d 309, 311.
[2] Goldberger v. Bexley Properties (1983), 5 Ohio St.3d 82, 84.
[3] Id. at 85.
[4] State ex rel. Smith v. Indus. Comm. of Ohio (1942), 139 Ohio St. 303, paragraph two of the syllabus.
[5] (Citations omitted.) Cecil v. Cottrill (1993), 67 Ohio St.3d 367,372.