OPINION
{¶ 1} Plaintiff-appellant, EAC Properties LLC ("appellant"), [1]
appeals from a judgment of the Franklin County Court of Common Pleas granting summary judgment to defendant-appellee, Gary J. Hall ("appellee"). For the following reasons, we affirm that judgment.
 {¶ 2} The facts of this case are relatively simple. In 1966, the City of Columbus vacated a public alley ("the alley") that runs between two properties located at 72 West *Page 2 
Third Avenue and 80 West Third Avenue, ceding a one-half interest in the alley to each owner of the foregoing properties. At the time, Gilbert Ryan owned 80 West Third Avenue, which was purchased by appellee in 2002 from Mr. Ryan's estate. Although the record does not disclose the owner of 72 West Third Avenue at the time the city vacated the alley, Doctor's Hospital purchased the property in 1970. At some point during its ownership, Doctor's Hospital added a parking lot at the rear of the property, and the alley served as one means of access thereto. In 1990, Richard H. Bracken, D.O. ("Dr. Bracken") purchased 72 West Third Avenue, and in 2003, sold the property to appellant.
 {¶ 3} In 2004, appellee sought and obtained permission from the Victorian Village Commission to erect a fence along his eastern property line, which runs along the approximate center line of the alley.[2]
Because the alley provided one means of access to the parking lot situated on appellant's property, and the fence erected by appellee cut off that access, appellant filed suit against appellee. Appellant's complaint alleges a prescriptive easement over appellee's half of the alley, and seeks to quiet title with respect to same. Appellant also sought compensatory and punitive damages, as well as attorney fees and costs.
 {¶ 4} Appellee moved for summary judgment, which the trial court granted in its favor. Specifically, the court found that appellant failed to establish that the use of the alley during the applicable time period was adverse. Appellant timely appeals, setting forth a single assignment of error, as follows:
 THE TRIAL COURT ERRED AS A MATTER OF LAW IN CONCLUDING THAT THERE WERE NO GENUINE ISSUES OF MATERIAL FACT AND FINDING THAT SUMMARY *Page 3 
JUDGMENT IN FAVOR OF DEFENDANT WAS APPROPRIATE.
 {¶ 5} Appellant contends that the trial court's decision to grant summary judgment in favor of appellee was based upon a misapplication ofShanks v. Floom (1955), 162 Ohio St. 479, which appellant argues is controlling precedent for this case. According to appellant, the Supreme Court of Ohio in Shanks eradicated the "the permissive use defense" in cases involving "a common driveway created on the dividing line between two properties." (Appellant's brief at 4.) Thus, appellant asserts that the trial court erred in considering whether the use of the alley by the prior owners in privity with appellant was permissive, as such is juxtaposed to the holding in Shanks. (Appellant's brief at 4.)
 {¶ 6} Appellate review of summary judgment motions is de novo.Helton v. Scioto Cty. Bd. of Commrs. (1997), 123 Ohio App.3d 158, 162. "When reviewing a trial court's ruling on summary judgment, the court of appeals conducts an independent review of the record and stands in the shoes of the trial court." Mergenthal v. Star Banc Corp. (1997),122 Ohio App.3d 100, 103. Civ. R. 56(C) provides that summary judgment may be granted when the moving party demonstrates that (1) there is no genuine issue of material fact, (2) the moving party is entitled to judgment as a matter of law, and (3) reasonable minds can come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made. State ex rel. Grady v. State Emp.Relations Bd. (1997), 78 Ohio St.3d 181, 183.
 {¶ 7} "An easement in or over the land of another may be acquired only by grant, express or implied, or by prescription." Trattar v.Rausch (1950), 154 Ohio St. 287, paragraph two of the syllabus. A party claiming a prescriptive easement has the burden of proving a use of the property which is: (1) open, (2) notorious, (3) adverse to the *Page 4 
neighbor's property rights, (4) continuous, and (5) at least 21 years in duration. J.F. Gioia, Inc. v. Cardinal American Corp. (1985),23 Ohio App.3d 33, 37.[3] The claimant has the burden of proving each element by clear and convincing evidence. Coleman v. Penndel Co. (1997),123 Ohio App.3d 125, 130. If the claimant makes a prima facie case, then the burden shifts to the owner of the servient property to show that the use was permissive. Goldberger v. Bexley Properties (1983), 5 Ohio St.3d 82,84; Pavey v. Vance (1897), 56 Ohio St. 162.
 {¶ 8} Use of land is adverse or hostile if such use is inconsistent with the rights of the servient property owner, and the user does not recognize an authority in another "either to prevent or to permit" the continuance of the use. Ford v. The Estate of Tonti (Nov. 24, 1992), Franklin App. No. 91AP-715, citing Black's Law Dictionary (5 Ed.Rev. 1979) 49; see, also, Kimball v. Anderson (1932), 125 Ohio St. 241;Vanasdal v. Brinker (1985), 27 Ohio App.3d 298; Manos v. Day Cleaners Dryers (1952), 91 Ohio App. 361, paragraph two of the syllabus ("A use of a driveway on another's land is not adverse, in a suit to acquire an easement by prescription, if the use is accompanied with an express or implied recognition by the user of the landowner's right to put an end to the use."). "A use is not adverse if the landowner gave permission, for example, as a neighborly accommodation." Nusekabel v. CincinnatiPub. Sch. Employees Credit Union (1997), 125 Ohio App.3d 427, 433, citing McCune v. Brandon (1993), 85 Ohio App.3d 697. In that regard, "a use does not necessarily become permissive simply because the property owner does nothing to prevent it out of indifference, laziness, acquiescence, or `neighborly accommodation.'" Shell Oil Co. v. DevalCo. (Sept. 24, 1999), Hamilton App. *Page 5 
No. C-980783, quoting Gerstenslager v. Lloyd (Feb. 15, 1995), Summit App. No. 16814. "Whether a use of land is found to be adverse or permissive must depend upon all the facts disclosed by the evidence in a particular case." Sepela v. MBL Partners (Dec. 26, 2000), Clermont App. No. CA2000-06-038, quoting Quinter v. Soifer (Aug. 12, 1981), Miami App. No. 80-CA-57.
 {¶ 9} In this case, the trial court granted summary judgment in favor of appellee on the basis that appellant failed to establish the existence of a prescriptive easement. Specifically, the court found that the use of the alley by owners in privity with appellant was permissive, i.e, not adverse, and, therefore, no prescriptive easement developed. Prior to determining whether the use of the alley was permissive, we will first address appellant's argument that Shanks controls.
 {¶ 10} In Shanks, supra, two neighbors agreed to construct a common driveway between their properties for their mutual benefit, and each paid one-half of the cost of construction. More than 21 years later, a dispute arose between the neighbors, which prompted one of them to attempt to construct a fence across the driveway. The Supreme Court of Ohio affirmed the court of appeals' decision, which found that both properties were subject to an easement for driveway purposes. The Supreme Court stated in the syllabus:
 Where owners of adjacent lots, pursuant to an oral agreement, construct a common cement driveway, substantially one-half of which is on the land of each, and each pays one-half the cost thereof, the use by each owner of the land of the other is under a claim of right and as such is adverse each to the other, and after 21 years each owner thereby acquires by prescription an easement over the land of the other. *Page 6 
The Supreme Court explained its rationale, stating:
 We believe it is unreasonable to assume that the owners of these properties, at the time this driveway was constructed and the use thereof began, each felt that he was using his half as a matter of right and the other's half merely by permission. On the contrary, the nature and permanence of the improvement, that it was constructed of concrete, and that it was constructed on what the owners considered to be the boundary line between their properties are more consistent with a claim of right on the part of each than with a day-to-day permissive use. We hold, therefore, that the use in this case was under a claim of right and as such was adverse and not permissive. Such use being for more than 21 years, it follows that an easement for the common use of this driveway has been acquired by both parties.
Id. at 484.
 {¶ 11} We find appellant's reliance upon Shanks to be misplaced in that it is factually distinguishable from the instant case. One of the factors that influenced the court's decision in Shanks was the parties' agreement to construct a common driveway for their mutual benefits and split the cost of construction. Given the "joint venture" aspect of the driveway's construction, it is easy to see why the court rejected the possibility that each neighbor labored under the impression that each was using the other's portion of the driveway with permission. Another factor was that the driveway was constructed out of concrete, thus, evidencing the permanency of the parties' intention when they entered into their agreement. In the case sub judice, however, the record is void of any such facts, nor any facts that could be deemed analogous.
 {¶ 12} We also do not read Shanks as standing for the proposition cited by appellant, and note that appellant has failed to cite to any Ohio court for a similar construction of Shanks. Indeed, if appellant's position was a correct statement of the law, then a claimant would not need to establish the element of adverse in order to make a prima facie case, and a review of Ohio cases involving prescriptive easements discloses *Page 7 
that such a showing is still required. See, e.g., Rodgers v.Pahoundis, Coshocton App. No. 07CA 0007, 2008-Ohio-4468; Carlyn v.Gam (1995), 105 Ohio App.3d 704, 708 (permissive use is a successful defense against a claim of prescriptive easement); J.F. Gioia, supra. Having determined that Shanks is not controlling, our discussion proceeds to determine whether the use of the alley was permissive.
 {¶ 13} In support of his motion for summary judgment, appellee attached the affidavit of Dr. Bracken, who owned appellant's property between 1990 and 2003. In his affidavit, Dr. Bracken stated:
 I operated a medical practice at the Property at that time and wanted to improve the condition of the alleyway that ran between the Property and 80 West Third Avenue. The alleyway provides one means of access to a parking lot at the rear of the Property. I approached Gilbert Ryan, the owner of 80 West Third Avenue about the alleyway. I acknowledged that we each owned half the alleyway that ran between the Property and 80 West Third Avenue. I asked Mr. Ryan's permission to pave the alleyway and to use the alleyway as a driveway for the Property, and he gave me permission to do so. The very front of the alleyway that borders on West Third Avenue is comprised of old brick pavers that may have some historical value. Mr. Ryan refused to give permission to pave over the brick pavers, and I did not do so.
 I also asked Mr. Ryan for permission to use a portion of the rear of the 80 West Third Avenue property, also accessed via the alleyway, as additional parking for my practice located at the Property. Mr. Ryan gave his permission for the additional parking on the 80 West Third Avenue property.
(Bracken affidavit at para. 4-5.)
 {¶ 14} As Dr. Bracken's affidavit makes clear, he sought and received permission from Mr. Ryan to use his half of the alley. In addition, Dr. Bracken's act of not paving over the brick pavers pursuant to Mr. Ryan's refusal to permit the same, evidences Dr. Bracken's recognition of Mr. Ryan's authority in his half ownership of the alley, and, *Page 8 
conversely, Dr. Bracken's subservience thereto. Because Dr. Bracken used Mr. Ryan's portion of the alley with express permission, appellant cannot demonstrate that the use was adverse. See, e.g., Kallner v.Wells, Scioto App. No. 05CA3030, 2006-Ohio-4634; Sepela, supra;Coleman v. Penndel Co. (1997), 123 Ohio App.3d 125; J.F. Gioia, supra;Manos v. Day Cleaners Dyers, Inc. (1952), 91 Ohio App. 361. Thus, even if the use of the alley by Doctor's Hospital was adverse, appellant cannot "tack" on Dr. Bracken's use so as to satisfy the 21-year continuous use requirement. J.F. Gioia, supra, at 38 ("By accepting its neighbor's permission to use the drive, plaintiff accepted the neighbor's superior right and abandoned adversity for that property. That action extinguished any maturing prescriptive right by destroying the continuity between any prior adverse use and any subsequent adverse use.") (citations omitted). Consequently, we find that the trial court correctly determined that appellant failed to establish a prima facie case for a prescriptive easement.
 {¶ 15} For all the above reasons, we overrule appellant's single assignment of error, and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
BRYANT and TYACK, JJ., concur.
[1] Dr. Elena A. Christofides is the sole owner of EAC Properties LLC.
[2] Appellee claims that he constructed the fence due to the loitering of prostitutes and other undesirables in the alleyway. (Hall Affidavit at para.5.)
[3] A claim based on a prescriptive easement "differs from one based on adverse possession in that the element of exclusive possession of the property is not required." Van Buren v. Worley (Dec. 1, 1995), Lucas App. No. L-95-047 (citations omitted). *Page 1