[Cite as *Harris v. Dayton Power & Light Co.*, 2013-Ohio-5234.]

## IN THE COURT OF APPEALS OF OHIO
### SECOND APPELLATE DISTRICT
### MONTGOMERY COUNTY

| | | |
|---|---|---|
| JOY HARRIS, et al. | : | |
| | : | Appellate Case No. 25636 |
| Plaintiffs-Appellants | : | |
| | : | Trial Court Case No. 2011-CV-4382 |
| v. | : | |
| | : | |
| DAYTON POWER & LIGHT COMPANY | : | (Civil Appeal from |
| | : | Common Pleas Court) |
| Defendant-Appellee | : | |
| | : | |

. . . . . . . . . . .

O P I N I O N

Rendered on the 27th day of November, 2013.

. . . . . . . . . .

CHRISTOPHER B. EPLEY, Atty. Reg. #0070981, Christopher B. Epley Co., L.P.A., 100 East Third Street, Suite 400, Dayton, Ohio 45402
      Attorney for Plaintiffs-Appellants

JAMES PAPAKIRK, Atty. Reg. #0066976, and ALLISON BISIG OSWALL, Atty. Reg. #0080601, Flagel & Papakirk LLC, 50 East Business Way, Suite 400, Cincinnati, Ohio 45241
      Attorneys for Defendant-Appellee

. . . . . . . . . . . .

FAIN, P.J.

{¶ 1}    Plaintiffs-appellants Neal and Joy Harris appeal from a summary judgment rendered in favor of defendant-appellee The Dayton Power and Light Company (DP&L). They

contend that the trial court erred in rendering summary judgment against them on their claim of a prescriptive easement, because any permission granted to them by DP&L for their use of the land occurred after a prescriptive easement had matured.

{¶ 2}     We conclude that the trial court erred in rendering summary judgment to DP&L based solely on the fact that DP&L granted them permission for their use of the land after their prescriptive easement allegedly had matured.   Accordingly, the judgment of the trial court is Reversed, and this cause is Remanded for further proceedings.

## I. DP&L Grants Permission to Neal and Joy Harris to Enter Its Property, But Revokes that Permission Seven Months Later

{¶ 3}     On May 25, 1973, Orlyn and Dorothy Harris acquired approximately 130 acres of rural land in Germantown.   They used the property as overflow for their farming operation and to graze livestock.   A former railroad line cuts across the 130 acres.   In April 1975, most of the property was sold to James and Pamela Glossip.   The property sold to the Glossips represents all of the acreage to the west of the railroad line.

{¶ 4}     The remaining 28 acres of the original 130 acres are currently owned by Neal and Joy Harris (the Harrises), who are the son and daughter-in-law of Orlyn and Dorothy Harris. This acreage is situated to the east of the railroad line.   The 28 acres are divided into two parcels.  The first parcel is a little over fifteen cleared acres, and the second parcel contains a little over twelve primarily wooded acres.   The Harrises' barn is located on the first parcel; their house is located on the second parcel.   There is a creek on the second parcel.

{¶ 5}     The Harrises wished to engage in recreational activities on the wooded acreage of

the second parcel. Both parcels abut the railroad line, which is owned by DP&L. According to the Harrises, the only way to access the wooded portion of the property is via the DP&L property. Moreover, during periods of high water, the only way to access their home is via the DP&L property.

{¶ 6} In June 2009, DP&L sent a letter to the Harrises informing them that DP&L does not permit the unauthorized use of real property and that there were no written lease agreements granting rights of use to the railroad property. The Harrises unsuccessfully attempted to purchase the railroad property from DP&L.

{¶ 7} In November 2009, DP&L sent a letter to the Harrises giving them the right to enter over, upon, and through the railroad property for the express purpose of ingress and egress, provided that no dangerous or hazardous activity took place on the property and that no building or storage would occur on the property.

{¶ 8} In June 2010, DP&L sent a letter to the Harrises revoking the permission previously granted. DP&L cited prohibited dangerous activities occurring on the property. The Harrises ceased all activity on the railroad property. In May 2011, DP&L granted the Harrises limited permission to use the railroad property on two days to access their property to remove equipment.

## II. Course of the Proceedings

{¶ 9} In June 2011, the Harrises commenced an action against DP&L, seeking to quiet title based on a claim of easement by prescription (Count One) and seeking damages based on claims of negligence and nuisance (Counts Two and Three). After filing an answer and

counterclaims, DP&L moved for summary judgment on the Harrises' complaint. The trial court rendered summary judgment in favor of DP&L on the easement-by-prescription claim, but denied summary judgment on the negligence and nuisance claims. Dkt. 63. The parties jointly dismissed with prejudice their remaining claims. The Harrises appeal from the summary judgment rendered in favor of DP&L on the easement-by-prescription claim.

### III. An Owner of Subservient Property Cannot Defeat a Prescriptive Easement by Granting Permission after the Easement has Matured

{¶ 10} The Harrises' sole assignment of error states:

THE TRIAL COURT ERRED BY GRANTING SUMMARY JUDGMENT IN FAVOR OF DPL BECAUSE THE HARRISES, THROUGH TACKING WITH THEIR PREDECESSORS IN INTEREST, HAD ALREADY MADE ADVERSE USE OF THE PROPERTY FOR GREATER THAN 21 YEARS BEFORE DPL GRANTED A TEMPORARY PERMISSIVE USE OF THE PROPERTY.

{¶ 11} When reviewing a summary judgment, an appellate court conducts a de novo review. *Village of Grafton v. Ohio Edison Co.*, 77 Ohio St.3d 102, 105, 671 N.E.2d 241 (1996). "De Novo review means that this court uses the same standard that the trial court should have used, and we examine the evidence to determine whether as a matter of law no genuine issues exist for trial." *Brewer v. Cleveland City Schools Bd. Of Edn.*, 122 Ohio App.3d 378, 383, 701 N.E.2d 1023 (8th Dist.1997), citing *Dupler v. Mansfield Journal Co.*, 64 Ohio St.2d 116, 413 N.E.2d 1187 (1980). Therefore, the trial court's decision is not granted any deference by the

reviewing appellate court. *Brown v. Scioto Cty. Bd. Of Commrs.*, 87 Ohio App.3d 704, 711, 622 N.E.2d 1153 (4th Dist.1993).

{¶ 12} "An easement in or over the land of another may be acquired only by grant, express or implied, or by prescription." *Trattar v. Rausch*, 154 Ohio St. 286, 95 N.E.2d 685 (1950), paragraph two of the syllabus. A party claiming a prescriptive easement has the burden of proving a use of the property that is: (1) open; (2) notorious; (3) adverse to the neighbor's property rights; (4) continuous; and (5) at least 21 years in duration. *J.F. Gioia, Inc. v. Cardinal Am. Corp.*, 23 Ohio App.3d 33, 37, 491 N.E.2d 325 (8th Dist.1985). The claimant has the burden of proving each element by clear and convincing evidence. *Coleman v. Penndel Co.*, 123 Ohio App.3d 125, 130, 703 N.E.2d 821 (7th Dist.1997).

{¶ 13} If the claimant makes a prima facie case, then the burden shifts to the owner of the servient property to show that the use was permissive and, therefore, not adverse. *Goldberger v. Bexley Properties*, 5 Ohio St.3d 82, 84, 448 N.E.2d 1380 (1983). However, once the claimant's use of the property has been open, notorious, and adverse to the servient property owner for a continuous period of 21 years, it is irrelevant whether the servient property owner subsequently grants the claimant permission to use the property. *Wood v. Village of Kipton*, 160 Ohio App.3d 591, 2005-Ohio-1816, 828 N.E.2d 173, ¶ 22-24 (9th Dist.). The only way to extinguish a matured prescriptive easement is for the titleholder to obstruct the easement in an open, adverse, and continuous manner for 21 years. *Wood* at ¶ 26, citing *J.F. Gioia*. Furthermore, "'[a] user's acknowledgment that the title holder has the paramount right will not extinguish a fully matured prescriptive easement.'" *Wood* at ¶ 25 (9th Dist.), quoting *J.F. Gioia* at paragraph six of the syllabus.

**{¶ 14}** The trial court granted DP&L's motion for summary judgment, finding:

> In the case at bar, on November 16, 2009, DP&L granted permission to the Plaintiffs to enter over, upon and through the DP&L property right of way for the express purpose of ingress and egress. The landowner, DP&L, has shown that Plaintiffs' use of the railway right of way was permissive. Accordingly, Plaintiff's claim for quiet title cannot succeed. Summary Judgment is appropriate as to this claim and is SUSTAINED.

Dkt. 63, p. 6.

**{¶ 15}** In rendering summary judgment in favor of DP&L on the Harrises' claim of prescriptive easement, the trial court relied solely on its finding that DP&L granted the Harrises permission in 2009 to use the property. In short, the trial court appeared to assume that the Harrises had made a prima facie case that their use of the property was open, notorious, adverse to DP&L's property rights, continuous, and at least 21 years in duration, but then found that DP&L had carried its burden of rebuttal to show that the use was permissive, and, therefore, not adverse. *Goldberger*. Assuming the Harrises had in fact established a prima facie case, however, it is irrelevant whether the property owner subsequently grants permission to use the property. *Wood* at ¶ 22-24. A matured prescriptive easement cannot be defeated by permission granted after the maturation of the easement. *Id.* at ¶ 26.

**{¶ 16}** The trial court erred in holding that DP&L's grant of permission in 2009 could defeat a prescriptive easement that had already matured. DP&L invites us to affirm the judgment notwithstanding the trial court's error by concluding that the Harrises, as a matter of law, have failed to establish that their use of the property was adverse, open, notorious,

continuous, and at least 21 years in duration. But the trial court never reached these issues. It is the trial court's duty in the first instance to make findings on these issues.

{¶ 17}   The Harrises' sole assignment of error is sustained.

## IV. Conclusion

{¶ 18}   The Harrises' sole assignment of error having been sustained, the judgment of the trial court is Reversed, and the cause is Remanded for further proceedings consistent with this opinion.

. . . . . . . . . . . . .

DONOVAN and WELBAUM, JJ., concur.

Copies mailed to:

Christopher B. Epley
James Papakirk
Allison Bisig Oswall
Hon. Frances E. McGee