[Cite as *Andrews v. Passmore*, 2015-Ohio-2681.]

STATE OF OHIO, BELMONT COUNTY

IN THE COURT OF APPEALS

SEVENTH DISTRICT

| | | |
|---|---|---|
| JAMES ANDREWS, JR., et al. | ) | CASE NO. 12 BE 44 |
| | ) | |
| PLAINTIFFS-APPELLANTS | ) | |
| | ) | |
| VS. | ) | OPINION |
| | ) | |
| THOMAS PASSMORE, et al. | ) | |
| | ) | |
| DEFENDANTS-APPELLEES | ) | |

CHARACTER OF PROCEEDINGS:    Civil Appeal from the Court of Common
Pleas of Belmont County, Ohio
Case No. 11 CV 478

JUDGMENT:    Affirmed.

APPEARANCES:

For Plaintiffs-Appellants:    Atty. Thomas A. Hampton
P.O. Box 310
160 East Main Street
Barnesville, Ohio  43713

For Defendants-Appellees:    Atty. John R. Estadt
Hanlon, Estadt, McCormick,
  & Schramm Co., LPA
46457 National Road West
St. Clairsville, Ohio  43950

JUDGES:

Hon. Cheryl L. Waite
Hon. Gene Donofrio
Hon. Mary DeGenaro

Dated:  June 29, 2015

WAITE, J.

{¶1}  Appellants James K. and Vicky Andrews along with Brian and Vicki Starr (collectively referred to as "Appellants") appeal a November 26, 2012 Belmont County Court of Common Pleas judgment entry in favor of Appellees Thomas and Gail Passmore.  The trial court found that Appellants used Appellees' private road with permission, thus Appellants could not show the existence of an easement by prescription.  On appeal, Appellants assert that their continued use of the road throughout the years prevents Appellees from denying them access.  Appellants deny that they received a certified letter from Appellees which granted them permission to use Appellees' private road and argue that they have established twenty-one years of adverse use.  Despite Appellants' arguments, the record supports the trial court's decision that Appellants' use of the private road was permissive.  As the trial court did not err in finding permissive use, the judgment of the trial court is affirmed.

Factual and Procedural History

{¶2}  There are four Appellants in this case.  The first couple, Brian and Vicki Starr, own a 2.276-acre tract of land in Belmont County.  They obtained their land in 2009 from Mrs. Starr's parents, Mr. and Mrs. Briggs.  Before the Briggs family, the land was owned by the Urban family.

{¶3}  A second couple, James and Vicky Andrews, own a 123.958-acre tract of land, also in Belmont County.  They initially obtained a one-half interest in their property from the Urban family in 1993.  They later received the remaining one-half

interest in this property from Mr. and Mrs. Wilde, who are Mrs. Andrews' parents, in 2008. Prior to the Wilde family, the land was also owned by the Urban family.

**{¶4}** Appellees own a 100.736-acre tract of land in Belmont County. The land was previously owned by relatives who held the same last name. Prior to that, the land was owned by Mr. Long and before him, the Huff family. A private roadway abuts the relevant properties and allows access to and from a public roadway and each of the properties. It is undisputed that this private roadway is owned by Appellees.

**{¶5}** Appellants had been using the private road to reach their properties and the public road. Prior to deeding his one-half interest in the land to Mr. and Mrs. Andrews, Mr. Wilde requested and received permission from Appellants to use the private road. In 2009, Appellees formally granted all of the Appellants permission to use the road via certified letter. In 2011, Appellees closed and locked a pre-existing gate to the road and provided keys to Appellants. After a dispute arose between the parties regarding the gate, Appellees revoked permission to use their road via certified letter.

**{¶6}** Appellants claimed that they had an easement to use the gate for one of three reasons: (1) an easement by grant, (2) an easement by prescription, or (3) an easement by necessity. On November 26, 2012, the trial court ruled that an easement did not exist by means of any of the alleged easements. In this timely appeal, Appellants contest only the trial court's finding that they have no easement

by prescription. Issues regarding easement by grant and by necessity have apparently been waived.

Assignment of Error

The trial court erred in finding that plaintiffs did not prove the existence of an easement by prescription. Specifically, the trial court erred in finding that past uses of the subject roadway were permissive, based upon evidence that the disputed roadway was used by persons who were not owners of the dominant estate.

{¶7} Appellants claim that they never received a certified letter from Appellees' lawyer specifically permitting them use of the private road. Even if they had received the letter, Appellants contend that twenty-one years of adverse use of the private roadway had already been established. Appellants argue that even though their predecessor Mr. Wilde asked for permission to use the roadway, he did not own either Appellants' property at the time, thus any permission given to him is irrelevant. Similarly, Appellants argue that although several people testified that they had been given permission through the years to use the road, none of them owned any of the relevant properties.

{¶8} In response, Appellees state that their lawyer sent all the Appellants a certified letter in 2009 which expressly granted them a revocable license to use the private road. This license was later revoked in an October 12, 2011 certified letter. Appellees argue that Mr. Wilde testified that he twice received permission to use the private road. The first instance occurred in the 1970's. As a result of the leases he

held at that time, Mr. Wilde was given a license to use the road for purposes of removing hay from what was then the Urban property, the property now owned by Appellants. Mr. Wilde testified that he used this license from the 1970's through the 1980's. Then, in 2009, Mr. Wilde again asked for and received permission from Appellees to use the road.

{¶9} To establish an easement by prescription, "a claimant must show, by clear and convincing evidence, a use of the disputed property that is open, notorious, adverse, and continuous for twenty-one years." *Coleman v. Penndel Co.,* 123 Ohio App.3d 125, 130, 703 N.E.2d 821 (7th Dist.1997), citing *J.F. Gioia, Inc. v. Cardinal Am. Corp.*, 23 Ohio App.3d 33, 491 N.E.2d 325 (8th Dist.1985). All four elements must be proved.

{¶10} All parties agree that this private road was used for years to access the properties in question. They agree the use was open and notorious. The sole argument concerns whether Appellants used the roadway without permission: that is, adversely. Thus, our discussion will focus on this element. Hostile or adverse use refers to any use of property that is inconsistent with the rights of the owner. *Smith v. Sebastiani,* 7th Dist. No. 05 MA 57, 2006-Ohio-2189, ¶10, citing *Vanasdal v. Brinker*, 27 Ohio App.3d 298, 298, 500 N.E.2d 876 (9th Dist.1985).

{¶11} When the use is permissive, it is not adverse. *Coleman, supra,* at 130. When permissive use has been granted, such use cannot ripen into adverse use. *Eckman v. Ramunno,* 7th Dist. No. 09 MA 162, 2010-Ohio-4316, ¶47. However, permissive use does not automatically extend to a subsequent possessor. *Id.* The

owner of the affected property can extend the permission to the subsequent owner by granting that possessor permission to use the land. *Id.*

**{¶12}** Once the occupier has set forth a prima facie case that the use may be adverse, the landowner must then prove the use was permissive by a preponderance of the evidence standard. *Eckman, supra,* at ¶25. If the landowner is able to prove permissive use, the burden shifts back to the occupier who must ultimately prove the use was adverse by clear and convincing evidence. *Id.* at ¶26, 28.

**{¶13}** Appellees have presented some evidence that their use of the private roadway was adverse. Mrs. Andrews testified that disputes regarding the road arose while Mr. Long lived on what is now Appellees' property. According to her testimony, Mr. Long would place electric cables on the road while his cows crossed the roadway. On one occasion, Mr. Andrews removed the cables in order to access the road and did not put the cables back in place, which prompted Mr. Long to call the police. Mr. Andrews testified that Mr. Long also called the police regarding their children speeding down the roadway. While not entirely clear that Appellants have made a prima facie case, as Appellants have presented some evidence showing adverse use of the roadway, we must next determine if Appellees can rebut this evidence.

**{¶14}** A discussion of permissive use must begin with the current possessors, as any permission granted to such possessor automatically ends a claim of adverse possession. The record reflects that a 2009 certified letter from Appellees' attorney to Appellants was admitted into evidence. The letter granted Appellants a revocable

license to use the road. While Appellants claim that they never received this certified letter, other evidence showing permissive use appears in the record. Most recently, in 2011, Appellees began closing and locking a gate which prevented access to the roadway. Appellees provided both the Starrs and the Andrews with a key to unlock the gate. None of the parties dispute this fact. After a disagreement arose about the gate, Appellees sent Appellants another certified letter. This letter revoked the 2009 license to use the private roadway. Both the Starrs and Andrews admit receipt of this letter.

**{¶15}** Prior to the locked gate, there were other instances of permissive use. The record reflects that when Appellees were repairing damage to the road, Mr. Andrews approached Appellees and offered to contribute to the cost of the repairs. Appellees believed the road maintenance was their responsibility and declined to accept the offer, which is consistent with permissive use. Mrs. Andrews and Mrs. Starr clearly acknowledged in their testimony that Appellees locked the gate to the private road in 2011 and gave them a key. Again, this is evidence of permissive use. The record shows that even if the 2009 certified letter was not received by Appellants, all parties' behavior is consistent with permissive use.

**{¶16}** Accordingly, we agree with the trial court's determination that Appellants' use of the road was permissive. They have not established their adverse use of the road. In order to establish easement by prescription, Appellants must show not only adverse use, but that such use continued for a period of at least twenty-one years. In order to calculate this period, a possessor of land can "tack on"

years of adverse use by a predecessor, so long as they were continuous and continuously adverse. We find no error in the trial court's determination that Appellants' use was not adverse. But even if we were to find that Appellees did not meet their burden to show Appellants' use was permissive, neither Appellant has owned their property for the requisite number of years and neither Appellant is able to tack on any adverse use by their predecessors.

{¶17} We turn first to an examination of Appellants Andrews' property. The Andrews' immediate predecessors in interest were the Wilde family and the Urban family. The Urban family owned all of the land involved in this case until 1993, when the Urbans executed two deeds: one-half interest in the property to Mr. and Mrs. Wilde and one-half interest in the property to Mr. and Mrs. Andrews. We note that Mr. and Mrs. Wilde are Mrs. Andrews' parents. In 2008, Mr. and Mrs. Wilde deeded their one-half interest in the property to Mr. and Mrs. Andrews. So the record reflects that the Wildes owned an undivided one-half interest in Appellant Andrews' property from 1993 to 2008. The Andrews did not become sole owners until 2008.

{¶18} Shortly after obtaining the remaining one-half interest in the property, the Andrews family was given permission to use the private road through the 2009 certified letter. Assuming for purposes of argument that these Appellants did not receive the letter, they have another evidentiary problem. The record contains evidence of permissive use granted to Mr. Wilde.

{¶19} Mr. Wilde requested and was granted permission to use Appellees' roadway in order to move Mrs. Andrews' modular home onto the property. It appears

that at the time, Mr. Wilde and the Andrews family each still owned an undivided one-half interest in the relevant property. Regardless, the permission was obtained for the benefit of the Andrews. Mr. Andrews similarly discussed with Appellees his use of the private roadway to bring in the modular home. Although he does not state that he received permission, he does state that he discussed whether the modular home would fit on the private roadway with Appellees, who told him they did not think he would have a problem. As Mr. Wilde expressly sought and was expressly given permission to use the private road, the use was not adverse.

{¶20} Mr. Wilde also testified that before he was given any interest in this land by the Urbans, he had requested and been given permission to use the road to remove hay from the Urban property. This permission was granted as part of a series of lease agreements with the Urbans and with Appellees' predecessors. Again, as Mr. Wilde had a half interest in this property until 2008 and his use was permissive, the Andrews cannot use any of the years Wilde owned an interest in the property in order to establish twenty-one years of adverse use.

{¶21} Turning to the Appellant Starr family, the same problem arises. The Starrs obtained their property from the Briggs family, who are Mrs. Starr's parents. When the Briggs obtained the deed to the property, the deed included the following language "[i]ncluding the use of a private roadway." (Tr., p. 14.) The Briggs deeded the property to the Starrs in 2009. The language found in the Briggs' deed is not included in the Starrs' deed, nor does Appellees' deed reflect such a grant to the other property owners. However, the language does serve as some evidence that at

least Mr. and Mrs. Briggs believed they had permission to use the road. Thus, the Starrs similarly cannot tack the years their predecessors used the road to their own for purposes of calculating the requisite twenty-one year period.

**{¶22}** As Appellees have produced clear and convincing evidence that Appellants and their predecessors had permission to use the private road, Appellees have met their burden of proving that Appellants' use of the driveway was not adverse. Appellants have not met their reciprocal burdens in this matter.

### Conclusion

**{¶23}** The record demonstrates that Appellants' use of the private road was permissive. As the use was permissive, Appellants cannot meet the twenty-one years of adverse use element necessary to claim an easement by prescription. Appellants have abandoned on appeal all other arguments regarding easements. The trial court did not err in holding that Appellants did not establish an easement by prescription. The judgment of the trial court is affirmed in full.

Donofrio, J., concurs.

DeGenaro, J., concurs.