GULAS, Appellee,

v.

TIRONE, Appellant.

[Cite as *Gulas v. Tirone*, 184 Ohio App.3d 143, 2009-Ohio-5076.]

Court of Appeals of Ohio,
Seventh District, Mahoning County.

No. 07 MA 160.

Decided Sept. 24, 2009.

144

Friedman & Rummell Co., L.P.A., Robert M. Palma, and David A. Kovass, for appellee.

Sebastian Rucci, for appellant.

———————

WAITE, Judge.

{¶ 1} Appellant, Leo Tirone, appeals the judgment of the Mahoning County Court of Common Pleas granting appellee, Betty Gulas, a prescriptive easement and settling a quiet-title action in favor of Gulas. The two parties are neighbors, and a dispute arose over the eight-foot strip of land located between their two houses. For a period well in excess of 21 years, the owners of both properties used and took care of the strip of land between their homes. A dispute over the property boundary arose in 1999. Tirone conducted a survey and afterward placed tape markings and cement blocks in the alley to indicate what he thought was his property line. Gulas hired her own surveyor in 2001 and filed a quiet-title action and a claim for a prescriptive easement that same year. The Mahoning County Court of Common Pleas found that Gulas had a two-foot-wide prescriptive easement to use the alley. The court also determined the location of the property line between the two properties, relying primarily on the evidence presented by Gulas's surveyor, who testified at trial.

{¶ 2} On appeal, Tirone argues that the trial court relied on the wrong surveyor's marker to establish the property lines. Tirone argues that the court should not have relied on a marker put in place to mark the 1950 boundaries of a housing development but rather should have relied on the pins that Tirone's surveyor found. In other words, Tirone argues that the court should have relied on his survey of the property rather than Gulas's. Since Tirone's surveyor did not appear in court, the court could not rely on his testimony or his professional opinions. Only Gulas's surveyor was certified as an expert witness and testified in court, and the court did not err in relying on this evidence.

{¶ 3} Tirone also argues that the elements of a prescriptive easement were not established. Tirone complains that Gulas's use of the property was not exclusive, but exclusivity is not an element used to determine whether a prescriptive easement exists. Tirone also argues that Gulas's use of the property was not adverse because she had permission to use it, but the record shows that neither party ever received permission to use any part of the space between their two houses. Appellant's arguments are not supported by the record, and the judgment of the trial court is affirmed.

Case History

{¶ 4} Betty Gulas has lived at 2042 West Manor Drive in Poland Township since 1950. Leo Tirone has lived at 2052 West Manor Drive since 1990. The properties abut each other. The two houses on the properties are located approximately eight and one-half feet apart. The southern border of the properties is Manor Drive. Gulas's property is to the west and Tirone's is to the east. The strip between the properties runs north and south.

{¶ 5} Throughout her ownership of the property, Gulas has used the property between the two houses to access the rear of her lot, to make improvements to her home, and to landscape. She took it upon herself to maintain the lawn and landscaping of the entire eight and one-half foot strip of ground between the two houses. Neither property owner had ever put up a fence or tried to prevent anyone from gaining access to the alley between their houses. Each landowner assumed that a property line existed somewhere between the two houses, but neither had any clear idea of where that line was. Gulas never asked for or received permission from Tirone or from any previous owner to use the alley for her own purposes.

{¶ 6} In 1999, Tirone voiced his objection to Gulas's son cutting grass near his driveway. Tirone hired a surveyor, Robert Fleet, to survey the entire area around the two properties. Based on that survey, Tirone had metal pins placed at what he believed was his property line. Tirone then marked the supposed property line with pink ribbon and cement blocks. Tirone's survey placed the property line 1.77 feet from the edge of Gulas's house, leaving the remaining six to seven feet of the alley as part of his property.

{¶ 7} Gulas filed a quiet-title action on April 25, 2001. Also included in the action was a request to establish a prescriptive easement over the disputed property. Gulas hired Keith Chamberlin in June 2001 to survey the property.

{¶ 8} The matter came to trial before a magistrate on July 25, 2002. Chamberlin was certified as an expert witness and testified as to the basis and results of his survey of the property. He testified as to a number of unmarked metal pins that he had found. Chamberlin could not determine who had set the unmarked pins, when they were set, or whether they had been placed there by surveyors or by the homeowners themselves. He also found pins set by Tirone's surveyor in 1999 and a marked surveyor's pipe that could clearly be identified as having been placed in 1950 when the area was platted for a housing development. Using the 1950 pipe marker, he determined that Gulas's property line was approximately 1.68 feet further east than that determined by Tirone's survey.

{¶ 9} The parties also testified at trial. Gulas testified that she never asked for or received permission from Tirone or the prior owners of the abutting property

to use the land between the two houses. There is nothing in Tirone's testimony indicating that he ever gave permission to Gulas to use the property.

{¶ 10} Jean Galich, who was a prior owner of Tirone's property from 1970 to 1987, testified that she had no objection when Gulas used the land between the houses, but she did not testify that she had given Gulas permission to use the property. Galich was aware of the many uses that Gulas made of the property.

{¶ 11} The magistrate issued his decision on May 3, 2007. The magistrate relied on the expert testimony of Keith Chamberlin and established the property boundaries using the pipe that was set in 1950 as a reference point. The magistrate also found that all the elements of a prescriptive easement had been established. The magistrate specifically noted that Gulas never asked for nor was given permission to use the land between the two houses. The magistrate cited caselaw establishing that mere acquiescence by a property owner does not negate the existence of a prescriptive easement. The magistrate determined that Gulas had a two-foot wide prescriptive easement on Tirone's property bordering the eastern property line of her property.

{¶ 12} Tirone filed objections to the magistrate's decision, objecting to both the determination of the property line and the conclusion that Gulas had a prescriptive easement. The court overruled the objections and adopted the magistrate's decision on August 14, 2007. This appeal was filed on September 12, 2007. On September 24, 2007, we filed a journal entry indicating that the mere adoption of a magistrate's decision does not create a final, appealable order, and placed the appeal in abeyance so that the parties could obtain a proper final, appealable order. The trial court issued an amended judgment entry on October 15, 2007, which set the property boundaries and granted the prescriptive easement.

## ASSIGNMENT OF ERROR NO. 1

{¶ 13} "The trial court erred in readjusting the line between the properties from the line shown on their deed and the plat of the subdivision."

{¶ 14} The location of a disputed property boundary is a question of fact to be determined by the trier of fact. *Thompson v. Hayslip* (1991), 74 Ohio App.3d 829, 836, 600 N.E.2d 756. Evaluating evidence and assessing credibility are primarily for the trier of fact to determine. *Seasons Coal Co., Inc. v. Cleveland* (1984), 10 Ohio St.3d 77, 80, 10 OBR 408, 461 N.E.2d 1273. Judgments supported by some competent, credible evidence will not be reversed on appeal as being against the manifest weight of the evidence. *C.E. Morris Co. v. Foley Constr. Co.* (1978), 54 Ohio St.2d 279, 8 O.O.3d 261, 376 N.E.2d 578, syllabus.

{¶ 15} The primary function of a survey is to find where boundaries exist, which in large measure consists of finding the boundaries established by

earlier surveyors. *Sanders v. Webb* (1993), 85 Ohio App.3d 674, 682, 621 N.E.2d 420. It is up to the trier of fact to determine whether a surveyor has located the original markings of an earlier surveyor. Id.

{¶ 16} Tirone argues that the trial court should not have relied on the surveyor's pipe that was found by Gulas's surveyor, Chamberlin, as the starting point for setting other boundary measurements of Gulas's property. Tirone believes that the court should have relied first and foremost on the descriptions and markings of the recorded subdivision plat, and by working backward from the plat, find that the pins relied on by Fleet (Tirone's surveyor) were more accurate as the boundary markers. According to Tirone, Gulas owns only 1.77 feet of the alley between the two dwellings. Chamberlin testified that he found a pipe marker to the east of the pin allegedly set by Tirone's surveyor, that this pipe marker was one of the original markers establishing the overall property boundaries of the development in 1950, and that his measurements were made using the older 1950 marker. These placed Gulas's property line 3.45 feet from the edge of her house, not quite halfway into the alley between Tirone's and Gulas's properties. We note, however, that Tirone did not call an expert witness or his surveyor to testify. Thus, the only expert testimony is from Gulas's surveyor, Chamberlin.

{¶ 17} Tirone argues that Chamberlin should not have relied on the 1950 marker because it was the marker put in place for purposes of marking a plat and a development rather than a marker set prior to the time the development was established. Tirone argues that the original markers and monuments are the primary means to establish boundaries, not the markers used to establish a plat, citing *Sellman v. Schaaf* (1971), 26 Ohio App.2d 35, 55 O.O.2d 69, 269 N.E.2d 60, in support. The *Sellman* case is inapposite to Tirone's argument because in *Sellman*, the question being resolved was whether the physical marker that was set at the time the original survey was done took priority over the dimensions of the property as set forth in a deed and related plat record. *Sellman* held that the actual marker governs and not the written description. See also *Broadsword v. Kauer* (1954), 161 Ohio St. 524, 53 O.O. 395, 120 N.E.2d 111.

{¶ 18} In this case, the problem is not a discrepancy between a written description and a physical marker. The disagreement is over which physical marker is the oldest and most reliable marker. In this case, according to expert testimony, the oldest and most reliable marker was one set in 1950. It is true that this marker was put in place for the purpose of creating a development and preparing a plat for the development. Nevertheless, it was determined at trial that this was the best marker to use in establishing a variety of other measurements, and the result of using the 1950 marker was that Gulas owns 3.45 feet of the alley between her property and Tirone's property. Tirone's entire argument

is based on working backwards from a plat description rather than working from an actual physical marker. According to the law advanced by Tirone himself, it is the physical marker that governs rather than the plat description. This is one of the primary holdings of the *Sellman* case. Appellant's first assignment of error is overruled.

## ASSIGNMENTS OF ERROR NOS. 2 AND 3

{¶ 19} "The trial court erred in deciding that the plaintiff adversely possessed the property as shown on the black line at trial."

{¶ 20} "The trial court erred in concluding that the plaintiff has acquired a two foot easement."

{¶ 21} When reviewing the decision of a trial court as to whether a prescriptive easement exists, an appellate court will not reverse the judgment as being against the manifest weight of the evidence if the judgment of the trial court is based on some competent, credible evidence going to all essential elements of the case. *125 Properties v. Regency Ctrs.*, 12th Dist. No. CA2005–08–076, 2006-Ohio-1438, 2006 WL 763135, ¶ 12. The trial court is best able to view the witnesses, observe their demeanor, gestures, and voice inflections, and use those observations in weighing the credibility of the witnesses: a reviewing court will presume that the trial court's findings of fact are accurate. *Seasons Coal Co., Inc.*, 10 Ohio St.3d at 79, 10 OBR 408, 461 N.E.2d 1273.

{¶ 22} An easement is " 'a right without profit, created by grant or prescription, which the owner of one estate * * * may exercise in or over the estate of another * * * for the benefit of the former.' " *Trattar v. Rausch* (1950), 154 Ohio St. 286, 291, 43 O.O. 186, 95 N.E.2d 685, quoting *Yeager v. Tuning* (1908), 79 Ohio St. 121, 124, 86 N.E. 657.

{¶ 23} "An easement in or over the land of another may be acquired only by grant, express or implied, or by prescription." Id. at paragraph two of the syllabus. A party claiming a prescriptive easement has the burden of proving a use of the property that is (1) open, (2) notorious, (3) adverse to the neighbor's property rights, (4) continuous, and (5) at least 21 years in duration. *J.F. Gioia, Inc. v. Cardinal Am. Corp.* (1985), 23 Ohio App.3d 33, 37, 23 OBR 76, 491 N.E.2d 325. The claimant has the burden of proving each element by clear and convincing evidence. *Coleman v. Penndel Co.* (1997), 123 Ohio App.3d 125, 130, 703 N.E.2d 821. Prescriptive easements are not favored in law because they deprive the legal property owner of rights without compensation. *Cadwallader v. Scovanner*, 12th Dist. No. CA2007–06–072, 178 Ohio App.3d 26, 2008-Ohio-4166, 896 N.E.2d 748, ¶ 55. If the claimant makes a prima facie case, then the burden shifts to the owner of the servient property to show that the use was permissive

and, therefore, not adverse. *Goldberger v. Bexley Properties* (1983), 5 Ohio St.3d 82, 84, 5 OBR 135, 448 N.E.2d 1380.

{¶ 24} Tirone's first argument is that Gulas did not allege nor prove that her use of the alley between the two properties was exclusive for 21 years. Tirone's argument is not persuasive. Unlike a claim for adverse possession, a claim for a prescriptive easement does not require proof of exclusive possession of the property. *Nusekabel v. Cincinnati Pub. School Emp. Credit Union* (1997), 125 Ohio App.3d 427, 433, 708 N.E.2d 1015; *Van Buren v. Worley* (Dec. 1, 1995), 6th Dist. No. L–95–047, 1995 WL 704096; *Pavey v. Vance* (1897), 56 Ohio St. 162, 46 N.E. 898; *Pennsylvania RR. Co. v. Donovan* (1924), 111 Ohio St. 341, 145 N.E. 479.

{¶ 25} Tirone's second argument is that he allowed Gulas to use the property out of neighborly accommodation and that this permission negates the element of adversity and defeats a claim for a prescriptive easement. Tirone is correct that a use is not adverse if the landowner gave permission as a neighborly accommodation. *Nusekabel,* 125 Ohio App.3d at 433, 708 N.E.2d 1015, citing *McCune v. Brandon* (1993), 85 Ohio App.3d 697, 621 N.E.2d 434. On the other hand, "a use does not necessarily become permissive simply because the property owner does nothing to prevent it out of indifference, laziness, acquiescence, or 'neighborly accommodation.'" *Shell Oil Co. v. Deval Co.* (Sept. 24, 1999), 1st Dist. No. C–980783, 1999 WL 741814, *4, quoting *Gerstenslager v. Lloyd* (Feb. 15, 1995), 9th Dist. No. 16814, 1995 WL 66284, *2. It is proof that actual permission was granted that is determinative, and not the descriptive label of "neighborly accommodation." We have held: "'[A]cquiescence by the property owner with knowledge of the use does not negate a claim for prescriptive easement.'" *Smith v. Sebastiani,* 7th Dist. No. 05 MA 57, 2006-Ohio-2189, 2006 WL 1163774, ¶ 24, quoting *Schmiehausen v. Zimmerman,* 6th Dist. No. OT–03–027, 2004-Ohio-3148, 2004 WL 1367278, ¶ 29.

{¶ 26} "Whether a use of land is found to be adverse or permissive must depend upon all the facts disclosed by the evidence in a particular case." *Sepela v. MBL Partners* (Dec. 26, 2000), 12th Dist. No. CA2000–06–038, 2000 WL 1875812, *3.

{¶ 27} Gulas testified a number of times that she had never asked for nor had been given permission to use Tirone's part of the alley between their two houses. The testimony was consistent that both parties simply acted as if they had full right to use the entire alley as they pleased. Tirone never disputed this nor attempted to prove otherwise. The burden was on the owner of the servient estate, i.e., Tirone, to prove that Gulas had permission to use his property. See *McCune,* 85 Ohio App.3d at 700, 621 N.E.2d 434. The trial court, as the trier of

fact, concluded that Tirone did not meet this burden, and the record supports the conclusion of the trial court.

{¶ 28} Tirone further argues that occasional mowing of property does not constitute an adverse use of property to support the grant of a prescriptive easement. Tirone cites *Grace v. Koch* (1998), 81 Ohio St.3d 577, 692 N.E.2d 1009, in support. The *Grace* case is inapposite for a number of reasons. First, *Grace* was an adverse-possession case, not a prescriptive-easement case. In adverse possession, the complainant is seeking complete and exclusive possession of the property, whereas a prescriptive easement is merely a limited right of use and does not infringe on any other right of the servient estate except as defined in the terms of the easement. An "easement grants such rights as are necessary to the reasonable enjoyment thereof, leaving to the owner of the fee the right to use the property in any manner not inconsistent with the reasonable use of the ease-ment." *Ohio Power Co. v. Bauer* (1989), 60 Ohio App.3d 57, 60, 573 N.E.2d 780. The complainant in *Grace* was required to prove adversity of possession, whereas Gulas, in the instant appeal, needed to prove adversity of use sufficient to establish an easement.

{¶ 29} Second, the complainant in *Grace* had permission to use the property. As earlier discussed, permission will negate any claim that the use or possession of property is adverse. Id. We have already concluded that Gulas did not have permission to use Tirone's part of the alley.

{¶ 30} Third, Tirone completely misrepresents the evidence as to Gulas's use of the space between the parties' two houses. Gulas established much more than occasional mowing. She used the alley for access between the front and back of the property. She used it as a staging area when she had her roof repaired. She used it when she needed to paint the side of her house. She used it in the spring to install air conditioners and used it again to remove the air conditioners in the fall. She also used it to monitor her electric meters. As such, Gulas provided ample evidence of multiple uses that were adverse to Tirone's use of the same property.

{¶ 31} Tirone also argues that Gulas's use of the property was not open and notorious. The record does not support this argument. To be open and notorious in the context of a prescriptive easement means that Gulas must show that she made no attempt to conceal her use of the property. *Crown Credit Co., Ltd. v. Bushman,* 170 Ohio App.3d 807, 2007-Ohio-1230, 869 N.E.2d 83, ¶ 46. Use of property is open and notorious if the use is visible or is of common knowledge to the general public. *Davis v. Konjicija* (1993), 86 Ohio App.3d 352, 356, 620 N.E.2d 1010. The claimant is not required to prove that the title owner had actual knowledge of the claimant's use of the property. Id.

{¶ 32} The record shows that the parties were neighbors and were completely aware that each was using the entire strip of land between the two houses for their own purposes. There is no evidence of any type of concealment of any of Gulas's uses of the property. Gulas testified that nothing that she did in the alley was done in secret and that her uses of the alley were all done during daylight hours. Photographs introduced into evidence show that the alley was visible from the street, that visibility into the alley was only slightly blocked by trees and bushes, and that Tirone's driveway and garage were directly adjacent to the alley. Guy T. Amicone, who owned Tirone's property from 1964 to 1970, testified that he knew that Gulas and her late husband used the alley for landscaping purposes and to do maintenance on their home. Jean Galich, a former owner of Tirone's property from 1970 to 1987, testified that she was aware that Gulas cut the lawn in the alley and used it for house maintenance projects and as a simple pathway to travel between the front and back of the house. Thus, two former owners testified as to actual knowledge of Gulas's use of the property for a period of time of more than 21 continuous years.

{¶ 33} Tirone's final argument is that the court had no basis to determine that any easement should be granted, so it could not have had sufficient evidence to grant a two-foot wide easement. It has been said that "a prescriptive easement is essentially an equitable remedy. Accordingly, the trial court must be afforded broad discretion in fashioning its remedy. Where one or more ways are available, the trial court is entitled to use its discretion and select the most reasonable route under all the circumstances." *Keish v. Russell* (Sept. 10, 1998), 4th Dist. No. 98CA01, 1998 WL 574369. In the instant case, the evidence supported the conclusion that Gulas possessed a prescriptive easement through the alley between the two houses. In the trial court's judgment, the easement was restricted to a two-foot path, leaving Tirone with two or three feet of property along the edge of his home and driveway that is not subject to the easement. The record fully supports the existence of the easement and there is no error in the manner the trial court chose to define the terms of the easement.

{¶ 34} None of appellant's arguments on appeal are persuasive. The trial court properly relied on the expert testimony of appellee's surveyor to determine which physical markers were the oldest and most reliable. Appellant's attempt to rely on the plat description to establish the markers, and then use those markers to establish the property lines, is contrary to established caselaw in this area. Appellant also failed to establish any error in the court's determination that Gulas was entitled to a prescriptive easement over part of the alley. Appellant's argument that Gulas's use was not exclusive does not have merit because exclusivity is not an element of establishing a prescriptive easement. Although appellant was correct that the use of someone else's property is not

adverse when it is used with permission, appellant failed to show that Gulas had permission to use the alley. The record also fails to support appellant's argument that Gulas's use of the property was not open and notorious. All three of appellant's assignments of error are overruled, and the judgment of the trial court is affirmed in full.

Judgment affirmed.

DONOFRIO and DEGENARO, JJ., concur.