WAITE, J.
*827 {¶1} Appellant Cliffs and Creeks, L.L.C. appeals a September 11, 2017 Belmont County Court of Common Pleas judgment entry. Appellant contends the trial court erroneously determined that an easement referred to as "Old Lane" is only ten feet wide. For the reasons provided, Appellant's arguments are without merit and the judgment of the trial court is affirmed.
Factual and Procedural History
{¶2} The dominant estate in this matter is owned by Appellant. Previously, the property was owned by Dan Hostetler and Luther Hotham. The servient estate is owned by Appellees Brian and Melissa Swallie. This property was previously owned by Girdon and Nova Stephen. On October 12, 1979, the Stephens granted Hostetler and Hotham an easement which was recorded in the Belmont County Recorder's Office.
{¶3} In relevant part, the easement stated:
[T]o Give, Grant, Bargain, Sell and Convey unto the said Grantees, their heirs and assigns an Easement and Right of Way upon and over the full turnings and meanderings of a way known as "The Old Lane" in its present position south of Somerset Township, Road 2, and as it has been and is being used, and over any part of said "Old Lane" which may lie upon the following described premises of the Grantors.
(Exh. B.)
{¶4} The easement also stated:
The right of way, easement, rights and privileges herein granted shall be used only for the purposes of providing pedestrian and vehicular ingress and egress and for the construction and maintenance of electrical and telephone poles and wires between Somerset Township Road 2 and the property of Grantees.
(Exh. B.)
{¶5} The easement allowed Hostetler and Hotham to travel across the Stephens' property in order to reach their property, which is inaccessible from the public road. However, the easement failed to include a metes and bounds description of the easement.
{¶6} At the time the easement was granted, Old Lane was almost completely obstructed by growth and trees. Gary Wershing, (who is apparently involved with Cliffs and Creeks, L.L.C.), cleared a path which is approximately ten feet wide. In 1982, the Swallies obtained the Hostetler/Hotham property. Sometime thereafter, the Swallies laid gravel along the exact path cleared by Wershing. The gravel path was ten feet wide and extended from the public road to the Swallie garage. Wershing later extended the length of the gravel path from the Swallie garage to his own property. The extension was also ten feet wide.
{¶7} Sometime thereafter, several disputes arose between Appellant and Appellees regarding the easement. Appellant contends that Appellees constructed a fence and a garage that encroached on the easement. However, Wershing admitted that he did not inform Appellees that their fence and garage lay partially on the easement until the construction was completed. Appellant also claimed that Appellees parked cars on the easement's path and have forced them to drive backward down the path to avoid a car traveling in the opposite direction.
{¶8} On March 24, 2016, Appellant filed a complaint against the Swallies asserting breach of an easement and trespass, and seeking a permanent injunction to prevent interference with the easement and declaratory *828 judgment that the easement is thirty feet wide. On May 24, 2016, the Swallies filed an answer and counterclaim also claiming trespass along with intentional infliction of emotional distress claims. On the counterclaim they sought declaratory judgment that the easement is nine feet wide and solely restricted to the commercial use of constructing and maintaining electrical and telephone poles. The Swallies later dismissed their intentional infliction of emotional distress counterclaim. On February 17, 2017, the Swallies joined several neighbors (Diana K. Summers, Tacy A. Keiger, and Terry Allen and Carolyn F. Stephen) as indispensable parties. Following a bench trial, the trial court determined that the easement is ten feet wide. The court also granted "all rights reasonably necessary" for construction and maintenance of the electric and telephone poles on the area between the easement and the property line.
{¶9} The trial court dismissed the parties joined by Appellees - Diana K. Summers, Tacy A. Keiger, and Terry Allen and Carolyn F. Stephen. These parties filed a statement with this Court that they are not part of this appeal.
{¶10} For ease of understanding, Appellant's four assignments of error will be discussed together.
Standard of Review
{¶11} We initially note that the parties disagree on the standard of review. Appellant believes that a de novo standard should be applied to their first and second assignments of error. In those assignments, Appellant contends that the trial court erroneously interpreted the language of the easement and improperly decided that the original gravel path was evidence of the width of the easement. In response, Appellees argue that we should apply a manifest weight of the evidence standard to each of Appellant's assignments of error pursuant to Paulus v. Beck Energy Corp. , 7th Dist., 2017-Ohio-5716, 94 N.E.3d 73, ¶ 15-16 (in civil actions with questions of fact, an appellant can argue the decision was contrary to the manifest weight of the evidence.)
{¶12} Ohio appellate courts have held that when the trial court uses extrinsic evidence to determine the dimensions or scope of an easement, an issue of fact is presented. A reviewing court will not disturb the trial court's decision if it is supported by competent, credible evidence. See Bayes v. Toledo Edison Co. , 6th Dist. Nos. L-03-1177, L-03-1194, 2004-Ohio-5752, 2004 WL 2426234, ¶ 69 ; Gans v. Andrulis , 11th Dist. No. 99-P-0118, 2001 WL 530490, *4-5 (May 18, 2001) ; Munchmeyer v. Burfield , 4th Dist. No. 95CA7, 1996 WL 142579, *3 (Mar. 26, 1996) ; Murray v. Lyon , 95 Ohio App.3d 215, 219, 642 N.E.2d 41 (9th Dist.1994). See also Andrews v. Columbia Gas Transmission Corp. , 544 F.3d 618, 624 (6th Cir.2008). As such, the proper standard of review is manifest weight of the evidence.
{¶13} Pursuant to Article IV, Section 3(B)(3) of the Ohio Constitution, appellate courts are authorized to assess the weight of the evidence. Greenwood v. Quality Motor Cars by Butch Miller , 7th Dist. No. 15 BE 0003, 2016-Ohio-8172, 2016 WL 7367400, ¶ 14, citing State v. Draper , 7th Dist. No. 07 JE 45, 2009-Ohio-1023, 2009 WL 582570, ¶ 25. When reviewing a manifest weight of the evidence claim, "[t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the jury clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered." Greenwood at ¶ 14, citing Draper at ¶ 25 ;
*829 State v. Martin , 20 Ohio App.3d 172, 175, 485 N.E.2d 717 (1st Dist.1983).
ASSIGNMENT OF ERROR NO. 1
THE TRIAL COURT ERRED IN INTERPRETING THE EASEMENT IN A MANNER THAT LIMITS USE TO THE GRAVEL PATH WITHIN THE EASEMENT WHEN THE EXPRESS TERMS OF THE EASEMENT GRANTED USE OF THE OLD LANE AND LAND SURROUNDING THE OLD LANE.
ASSIGNMENT OF ERROR NO. 2
THE TRIAL COURT ERRED, AS A MATTER OF LAW, IN REDUCING THE SIZE AND SCOPE OF THE EASEMENT BASED UPON THE ALLEGED NON-USE OF THE EASEMENT AREA OUTSIDE OF THE CURRENT GRAVEL PATH LOCATED WITHIN THE EASEMENT.
ASSIGNMENT OF ERROR NO. 3
THE TRIAL COURT'S DECISION IS AGAINST THE MANIFEST WEIGHT OF THE EVIDENCE.
ASSIGNMENT OF ERROR NO. 4
THE TRIAL COURT'S DECISION TO LIMIT THE EASEMENT TO 10 FEET IN WIDTH DOES NOT FASHION AN EASEMENT THAT IS REASONABLY NECESSARY AND CONVENIENT TO SERVE THE PURPOSE FOR WHICH THE EASEMENT WAS GRANTED.
{¶14} Appellant contends that the trial court erroneously interpreted the language of the easement. First, Appellant argues that the court erroneously relied on the width of the gravel path when determining the easement's dimensions. Appellant argues that the gravel path did not exist at the time the easement was created, and cannot be used to demonstrate the intent of the parties. Second, Appellant argues that the trial court failed to consider evidence that Old Lane was once a township highway, and that township highways are thirty feet in width. Third, Appellant argues that the trial court erroneously relied on a survey conducted in 2017, thirty-nine years after the creation of the easement.
Express Easement
{¶15} An easement is the grant of a use on the land of another. Yowonski v. MDB Constr. Co. , 7th Dist. No. 09 BE 10, 2010-Ohio-4185, 2010 WL 3482692, citing Alban v. R.K. Co. , 15 Ohio St.2d 229, 231, 239 N.E.2d 22 (1968). "An easement in or over the land of another may be acquired only by grant, express or implied, or by prescription." Gulas v. Tirone , 7th Dist., 184 Ohio App.3d 143, 2009-Ohio-5076, 919 N.E.2d 833, ¶ 23, citing Trattar v. Rausch , 154 Ohio St. 286, 291, 95 N.E.2d 685 (1950), at paragraph two of the syllabus.
{¶16} If the granting instrument fails to specify the dimensions of an easement, the trial court must determine the dimensions by considering the language of the grant, the circumstances surrounding the transaction, and the purpose for which the easement was granted. Myers v. McCoy , 5th Dist. No. 2004CAE07059, 2005-Ohio-2171, 2005 WL 1038871, ¶ 17, citing Crane Hollow, Inc. v. Marathon Ashland Pipe Line LLC , 138 Ohio App.3d 57, 67, 740 N.E.2d 328 (4th Dist.2000).
Easement Language
{¶17} Again, the language of the easement provides, in pertinent part, the following:
[T]o Give, Grant, Bargain, Sell and Convey unto the said Grantees, their heirs and assigns an Easement and Right of Way upon and over the full turnings and meanderings of a way known as "The *830 Old Lane" in its present position south of Somerset Township, Road 2, and as it has been and is being used, and over any part of said "Old Lane" which may lie upon the following described premises of the Grantors.
(Exh. B.)
{¶18} The easement also states:
The right of way, easement, rights and privileges herein granted shall be used only for the purposes of providing pedestrian and vehicular ingress and egress and for the construction and maintenance of electrical and telephone poles and wires between Somerset Township Road 2 and the property of Grantees.
(Exh. B.)
{¶19} Notably, this language provides that the easement exists "in its present position * * * and as it has been and is being used." The parties agree that Old Lane was covered in brush and trees when the easement was created and was not passable at that time. Wershing testified that once the easement was created he personally cleared the path. He admitted that the path he cleared was not 30 feet wide. Wershing testified that he did not feel it was necessary to have two lanes of passable traffic at the time he cleared the easement path. He also testified that he used to drive around the Swallies' vehicles if they were parked in the easement. When Wersing thought it was necessary to extend the easement, the gravel path extension is still only ten feet wide.
{¶20} Importantly, Wershing testified that additional trees would need to be removed, additional brush would have to be cleared, and a 100-foot retention wall would have to be installed in order to expand the easement path to thirty feet. The Swallies' garage and fence would also have to be removed in order to extend the width of the easement to thirty feet. He received an estimate that it would cost approximately $68,000 to enlarge the existing easement to thirty feet in width.
{¶21} Based on the language of the easement, the easement's path was defined as "in its present position * * * and as it has been and is being used." While there is no argument that at the time this easement was granted no path lay open on the property, there is substantial evidence that the easement that was immediately cleared and is still in use as a one-lane road. In fact, at the time this path was cleared the easement could only be used as a one-lane road because the remainder of the original location of Old Lane was covered with brush and trees. There is also substantial evidence that the parties intended the easement to be ten feet wide at the time it was created.
Circumstances Surrounding the Transaction
{¶22} At the time the easement was created, Appellant's property was landlocked and inaccessible from the public road. Wershing testified that, at the time of the grant, only a one-lane path was necessary. He explained that he did not feel that he needed to expand the path until he had several confrontations with Appellees. Some of these confrontations did not involve any use of the easement.
{¶23} Appellant cites to a Fourth District case that addressed whether applying gravel to only part of an easement path results in abandonment of the remainder of the path, Hawkins v. Creech , 4th Dist. No. 12CA938, 2013-Ohio-1318, 2013 WL 1349296. The Hawkins court determined that it did not. However, Hawkins specifically relied on the fact that the language of the easement clearly defined the dimensions of the easement as fifty feet. In the instant case, the easement does not expressly provide the dimensions of the easement.
*831 The trial court in the instant matter was tasked with determining the dimensions of the easement because the language of the easement itself did not specify dimensions. The issue in Hawkins was whether certain portions of an easement with clear dimensions had been abandoned by non-use. Hence, Hawkins is inapplicable to the instant case.
{¶24} Despite Appellant's arguments, it does not appear that the trial court relied on the existence of the gravel path in rendering its decision. In fact, the court's judgment entry does not mention this gravel path. Even so, the evidence supports finding that the parties have treated the metes and bounds of the gravel path as the easement even before the gravel was laid. The gravel along the current easement path was laid by both Brian Swallie and Wershing. According to Wershing, Swallie laid gravel from one end of the easement, presumably at the public road, up to his garage. Wershing extended the gravel path from the Swallie garage to his own property. Wershing admitted that he followed the same width when extending the length of the gravel path and never attempted to widen the path.
{¶25} Appellant next argues that the trial court improperly based its decision on the Biedenbach survey. This survey was conducted in 2017 as part of the litigation and concluded that the easement was ten feet wide. It is unclear how much weight the trial court placed on the survey. While the court did not include the survey in its findings, it did attach a copy of the survey to its judgment entry which was filed with the recorder's office. From Wershing's testimony, it appears that the path that the parties have used for ingress/egress has remained unchanged since the creation of the easement in 1979. The easement's path was the same in 2017 as it was in 1979. Hence, a survey of the easement in 2017 would provide similar results to one conducted in 1979.
{¶26} Finally, Appellant argues that the trial court failed to consider evidence that "Old Lane" was once a township road, and township roads were typically thirty feet wide. However, as the trial court stated throughout the trial, the issue in this case is limited to the determination of the dimensions of a private easement, not the width or existence of a township road. Whether Old Lane was once a township road is irrelevant, as Appellant agrees that it has not been a township road since at least 1950 and the easement was created in 1979.
{¶27} It appears that the court relied on several factors, including the work that would need to be completed in order to expand the easement path to thirty feet, the cost to expand the width, the testimony that the easement consisted of a one lane path since its inception, and the efforts of Wershing to clear only a one-lane path, ten feet in width, at the creation of the easement. Accordingly, there is competent, credible evidence to show that the trial court's decision does not conflict with the circumstances at the time the easement was created.
Purpose
{¶28} The easement was created to allow residents and visitors of Appellant's property to reach the property from the public road. The easement also allowed for the construction and maintenance of electrical and telephone poles and wires. The existing path allows for both ingress/egress and for construction/maintenance of the poles and wires. Although Appellant argues that a one-lane path is insufficient, Wershing, not Appellees, created the one-lane path at the time the easement was granted and testified that it was sufficient for ingress/egress. In support, several photographs that were admitted *832 into evidence show that there is grass to the side of the easement's path where a car could pull temporarily to avoid oncoming traffic when necessary. Thus, there is evidence to show that the trial court's decision does not conflict with the purpose of the easement.
{¶29} As such, a review of the relevant factors provides support for the trial court's decision. Accordingly, Appellant's assignments of error are without merit and are overruled.
Conclusion
{¶30} Appellants argue that the trial court erroneously determined that the easement is only ten feet wide. For the reasons provided Appellant's arguments are without merit and the judgment of the trial court is affirmed.
Robb, P.J., concurs.
Donofrio, J., concurs.